IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Francisco Fernandez (K80450), | ) |
| Plaintiff, | ) No. 1:19-cv-2823 |
| v. | ) Judge Manish Shah |
| Joseph Baluk, Chris Howe, Robert Rodriguez, Nicholas Calhoon, Raul Alvarez, Isaac Ward, Drake Carpenter, Albert Martinez, Carl Shaw, Steven Stroh, and Matthew Lyday, and Michael Sheehan in their individual capacities, Thomas Dart in his official capacity, and Cook County Illinois, | ) Jury Trial Demanded |
| Defendants. | ) |

## AMENDED COMPLAINT

Francisco Fernandez ("Plaintiff") by and through his attorney, complains against the Defendants and states as follows:

### PRELIMINARY STATEMENT

1. This civil rights action seeks compensatory and punitive damages from Defendants arising out of the unconstitutional deprivation of rights of Mr. Fernandez by lack of action to address serious dangerous and unsanitary conditions Mr. Fernandez suffered as a pretrial detainee in the Cook County Jail from April 27, 2018 to May 2nd, 2018. During this time Defendants failed to protect Fernandez and were deliberately indifferent to Mr. Fernandez's constitutional and basic human rights and maintained policies that enabled such activity to occur. Thus, Mr. Fernandez was forced to deal with unwanted sexual advances and contact from his

cellmate and live in deplorable conditions which were in violation of his fourteenth amendment rights. Defendant Dart also maintained policies and procedures that directly harmed Mr. Fernandez.

## JURISDICTION AND VENUE

2. This is a civil action authorized by 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §1331 and 1343 (a)(3).

3. Venue in this judicial district is proper under 28 U.S.C. §1391 (b)(2), because it is where the events or omissions giving rise to this claim occurred.

## PARTIES

4. Plaintiff Francisco Fernandez is an individual, a citizen of the State of Illinois. Fernandez's Illinois Department of Correction identification number is K80450. At the relevant time period, Mr. Fernandez was housed in the Cook County Jail in the Special Management Unit.

5. On information and belief, Defendants Joseph Baluk, Chris Howe, Robert Rodriguez, Nicholas Calhoon, Raul Alvarez, Isaac Ward, Drake Carpenter, Albert Martinez, Carl Shaw, Steven Stroh, Matthew Lyday, and Michael Sheehan (the "Individual Defendants") were employed by the Cook County Department of Corrections during the relevant time and were assigned to the Special Management Unit during the relevant time period. All of the Individual Defendants are named in their individual capacities for actions they performed under the color of state law and were deliberately indifferent to Mr. Fernandez in violation of his constitutional rights.

6. On information and belief, Defendant Thomas Dart is and was the sheriff of Cook County, Illinois during the relevant time period and is responsible for the policies, practices, and customs of the Cook County Jail.

7. Defendant Cook County, Illinois is named as a defendant pursuant to *Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947, 948 (7th Cir. 2003) because it is a necessary party in any suit seeking damages from an independently elected county officer in an official capacity. See Fed. R. Civ. P. 17, 19.

## BACKGROUND

8. Mr. Fernandez was placed in the Special Management Unit of the Cook County Jail on April 27, 2018 and remained in the unit until May 2, 2018. Prior to this time, Mr. Fernandez was an inmate in general population of the Cook County Jail and was awaiting trial. All of the allegations contained in this Amended Complaint relate to actions that occurred during Mr. Fernandez's time in the Special Management Unit.

9. On April 27, 2018, Mr. Fernandez was a pretrial detainee in the Cook County Jail. On this date, he was moved into the Special Management Unit, Division 9 Tier 1-H, of the Cook County Jail in cell 1259.

10. When being transferred to the Special Management Unit, Mr. Fernandez was escorted to cell number 1259 by ten of the Individual Defendants. When arriving at the cell, the inmate already occupying the cell, identified to be Mr. McKay, told the escorting officers that he did not want a cellmate. Mr. McKay was then ordered to step away from the door; however he refused and stated directly to

Jail personnel that he would physically harm Mr. Fernandez if he was placed in the cell.

11. After Mr. McKay's outburst and threats, the escorting officers notified a superior of the situation. With the assistance of ten officers Mr. McKay was finally forced to the back of the cell to allow Fernandez's entry. Mr. Fernandez protested to the Individual Defendants that he feared for his safety and did not want to be housed with Mr. McKay. Meanwhile, in the presence of the Individual Defendants, other detainees were yelling about Mr. McKay being a "crazy guy" and warning that Fernandez should not be placed in a cell with him.

12. Despite Fernandez's and other detainees' protests and Mr. McKay's threats of physical violence and intimidation—of which the officers were personally aware—Fernandez was placed in the cell with Mr. McKay while the Individual Defendants laughed.

13. During his time with Fernandez, McKay would continually make unwanted sexual advances and perform lewd acts in front of Mr. Fernandez. Fernandez was forced to tackle McKay off of him to avoid the unwanted sexual advances. Fernandez was assaulted and battered as a result of avoiding unwanted sexual contact. Fernandez continually complained of these conditions to the Individual Defendants, yet they did nothing.

14. While being housed with Fernandez, McKay would smear bodily fluids, including vomit and feces, on the walls of the shared cell. Again, Fernandez informed the Individual defendants, and again they did nothing to alleviate the

4

unsanitary and uninhabitable conditions.

15. Fernandez repeatedly told the Individual Defendants about the threats, sexual advances, and unsanitary conditions.

16. When nothing was done in response to his complaints Fernandez attempted to file grievances reporting his unsafe, uninhabitable, and unsanitary conditions. Mr. Fernandez first asked the Individual Defendants for grievance forms, but they never provided him a form. Mr. Fernandez then recalled that he did have a spare grievance form in his paperwork. On April 29, 2018, he completed the form and placed the grievance form in his cell door. The grievance form was taken from the cell door and Fernandez, even after his transfer, continued asking jail officials for a copy, but Fernandez never received a copy.

17. On April 29, 2018, Mr. McKay was removed from the cell due to being discharged, however the bodily fluids remained on the cell walls. Fernandez again complained of the conditions of his confinement and asked certain of the Individual Defendants for cleaning supplies to clean and disinfect the cell. In response, he was given a broom, but no other supplies that would serve the purpose of disinfecting the cell, which could harbor dangerous diseases.

18. The Individual Defendants observed the filth on the wall after Mr. McKay's discharge, yet nothing was done to sanitize the cell.

19. Mr. Fernandez's cell remained filthy and unsanitary throughout the duration of his stay through May 2, 2018 when he was transferred out of the Special Management Unit and back into general population.

### Count I
### *42 U.S.C. § 1983 Claim for Violations of Fernandez's*
### *14th Amendment Rights*
### *(Against Individual Defendants)*

20. Fernandez re-states, re-alleges and incorporates paragraphs 1-19 above as Paragraph 20 of Count I.

21. As previously alleged, the Individual Defendants had knowledge of the direct threats made by Mr. McKay to the Individual Defendants that were directed at Mr. Fernandez.

22. The Individual Defendants had actual knowledge of the potential of Mr. McKay to cause harm to Mr. Fernandez by the warnings from other inmates, who were yelling not to house Fernandez with McKay.

23. The Individual Defendants had actual knowledge of the lewd acts, sexual advances, and attacks suffered by Fernandez from being told directly by Fernandez of McKay's behavior. Even after being told about McKay's behavior, the Individual Defendants knowingly and recklessly ignored the harm being suffered by Fernandez.

24. The Individual Defendants failed to protect Mr. Fernandez from unwanted sexual advances and physical contact by Mr. McKay.

25. The Individual Defendants' failure to protect Fernandez was objectively unreasonable and posed a substantial risk of serious harm to Fernandez's health and safety.

26. As a direct and proximate result of the Individual Defendants' failure to protect Fernandez and their deliberate indifference, Fernandez was needlessly

6

attacked, threatened, and subjected to appalling living conditions despite his own and other detainee's warnings.

27. As previously alleged, the Individual Defendants were informed by Fernandez of the adverse conditions of confinement, such as feces and vomit on the cell walls.

28. The Individual Defendants refused to provide any reasonable sanitation or cleaning supplies to Fernandez to assist in making the cell habitable.

29. The Individual Defendants' failure to provide supplies and sanitation was objectively unreasonable and posed a substantial risk of serious harm to Fernandez's health and safety.

30. As a direct and proximate result of the Individual Defendants' failure to provide Fernandez with adequate cleaning supplies, Fernandez was subjected to unreasonable conditions of confinement that amounted to punishment and these conditions were in violation of Fernandez's fourteenth amendment rights.

31. The above described acts and omissions were committed under color of state law and constituted violations of Fernandez's constitutional rights.

WHEREFORE Plaintiff Francisco Fernandez prays that this Court enter judgment in his favor and against the Defendants, and award him: a) compensatory damages; b) punitive damages; c) reasonable attorneys' fees and costs; and d) any other relief this Court deems just and proper.

## Count II
### *(Monell Claim)*
### *(Against Thomas Dart, in his official capacity)*

32. Fernandez re-states, re-alleges and incorporates paragraphs 1-31 above as Paragraph 32 of Count II.

33. Mr. Fernandez was subjected to unsanitary conditions of confinement as a result of the policies of the Cook County Jail.

34. The actions of the Individual Defendants as alleged relating to the deliberate unsanitary conditions of confinement were done pursuant to one or more interrelated policies, practices and/or customs of the Cook County Jail.

35. On information and belief, the Cook County Jail has a policy of suspending sanitation activities when there is a staffing shortage. See attached Exhibit A stating that sanitation practices were suspended due to staff shortage.

36. Mr. Fernandez's constitutional harm regarding the sanitary conditions of his cell was a direct result of the policy of suspending sanitation services when a staff shortage occurred.

37. This practice has been maintained with deliberate indifference to the constitutional rights of pretrial detainees to be reasonably safe and healthy in the Cook County Jail.

38. Additionally, Mr. Fernandez believes Cook County Jail has a practice of housing inmates with others who may be a great risk to those with whom they are sharing a cell. Mr. Fernandez's counsel requested such information related to any such policies or procedures in early discovery, however then nominal defendant

8

Dart objected to producing any policies or procedures of the Cook County Jail.

39. Upon information and belief, Defendant Dart and Cook County Jail have a widespread policy of not addressing sanitation issues which have affected inmates in numerous other instances from 2014 through 2018, including but not limited to the following examples:

  a. In 2016 Ian Armstrong was a pretrial detainee in the Cook County Jail where he was subjected to feces and urine due to a lack of sanitation and plumbing issues. See *Armstrong v. Dart*, No. 16 C 9215, 2019 U.S. Dist. LEXIS 148958, at *1 (N.D. Ill. Sep. 2, 2019).

  b. From 2013-2015 Joshua Edward Stanton was housed in the Cook County Jail and experienced sanitation issues for which he brought suit. See *Stanton v. Dart*, No. 14 C 9974, 2018 U.S. Dist. LEXIS 38787, at *1 (N.D. Ill. Mar. 9, 2018).

  c. In 2018 Anthony P. Johnson was admitted to the Cook County Jail for treatment and suffered adverse conditions related to the Jail's sanitation policies. Mr. Johnson also attached to his complaint seven affidavits of other inmates suffering similar unsanitary conditions. See *Johnson v. Cook Cty. Sheriff's Office*, No. 16 C 07523, 2018 U.S. Dist. LEXIS 80592, at *2 (N.D. Ill. May 14, 2018).

  d. In 2014 Ernest Brown was housed in the Cook County Jail and alleged, among others, that the sanitation of the jail was inadequate and unconstitutional. See *Brown v. Dart*, No. 14 C 3032, 2017 U.S. Dist.

LEXIS 118545, at *1 (N.D. Ill. July 28, 2017).

40. The widespread and longstanding sanitation issues of the Cook County Jail are directly responsible for Mr. Fernandez's injuries.

41. Sheriff Thomas Dart is and was responsible for the policies, practices, and customs of the Cook County Jail, and is thus responsible for the policies related to sanitation.

42. The policy of suspending sanitation of cellblocks due to staff shortages coupled with Fernandez's individual experiences related to the lack of sanitation establishes that the policies and procedures maintained at the Cook County Jail were the driving force behind and directly responsible for his constitutional harm.

43. As a direct result of these policies, Mr. Fernandez was injured and forced to stay in unsanitary and unlivable conditions.

WHEREFORE Plaintiff Francisco Fernandez prays that this Court enter judgment in his favor and against the Defendants, and award him: a) compensatory damages; b) punitive damages; c) reasonable attorneys' fees and costs; and d) any other relief this Court deems just and proper.

Dated: September 16, 2019

                                      Respectfully Submitted,

                                      **FRANCISCO FERNANDEZ**

                                      By: /s/ Peter A. Silverman
                                                One of His Attorneys

Peter A. Silverman (#6196081)
Justin M. Herzog (#6324047)
Figliulo & Silverman, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL 60603
312.251.4600
312.251.4610/fax

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that by electronically filing the foregoing ***Amended Complaint*** with the Clerk of Court, he has caused service of that document to be made on September 16, 2019, by U.S. mail or electronic means on each party entitled to receive service by using the Court's transmission facilities to send a Notice of Electronic Filing to each such party's counsel who are Filing Users listed below at their corresponding email addresses identified below pursuant to Federal Rules of Civil Procedure 5(b)(1), 5(b)(2)(E) and 5(b)(3) and Local Rule 5.9.

                                                                     /s/ Peter A. Silverman

Christina Faklis Adair
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Center
Fifth Floor
Chicago, IL 60602
(312) 603-4634
Email: christina.adair@cookcountyil.gov